RECEIVED
MAY 17 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ERIC PETRY | CIVIL ACTION NO. 09-1960 |
| VS. | SECTION P |
| | JUDGE DRELL |
| SHERIFF MICHAEL COUVILLON, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Eric Petry, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 18, 2009. Plaintiff is a pre-trial detainee who is awaiting trial on unspecified charges pending in Vermilion Parish, Lafayette Parish, and St. Martin Parish.[1] He is presently incarcerated at the Vermilion Parish Jail. He sues Vermilion Parish Sheriff Michael Couvillon and Avoyelles Parish Sheriff Doug Anderson alleging that these defendants violated his due process rights when they transferred plaintiff from the Vermilion Parish Jail to the Avoyelles Parish Jail (APJ) where he remained in custody for the period between July 30, 2009 –

---

[1] According to the Vermilion Parish Sheriff's Department on-line Jade Systems CSS, plaintiff is charged with 5 counts of possession of stolen things; 2 counts of simple burglary; and two counts of simple burglary of an inhabited dwelling.
See http://vermilionsheriff.net:8888/html/index2.php?nav=record&id=938991

September 23, 2009. In his original complaint, he prayed for punitive damages in the amount of $1,500 for each day that he remained in custody in Avoyelles Parish; however, in his amended complaint, he prayed for compensatory damages of $1500/day apparently abandoning his claim for punitive damages.

Petitioner also complained that he was the victim of sexual harassment while at the Avoyelles Parish Jail, and, in his amended complaint he named Capt. Steve Dauzat as a defendant, and requested an unspecified amount of compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### Background

Plaintiff is a pre-trial detainee in the custody of the Sheriff of Vermilion Parish. He is awaiting trial on seven unspecified felony charges pending in that Parish [see rec. doc. 1, p. 8] as well as unspecified charges pending in St. Martin Parish and Lafayette Parish. [Doc. #1, p. 10] On July 30, 2009 plaintiff was transferred from the Vermilion Parish Jail to the

Avoyelles Parish Jail in Marksville, Louisiana. According to plaintiff, the Sheriff of Vermilion Parish and the Sheriff of Avoyelles Parish have "... an overflow agreement..." allowing Vermilion prisoners to be housed at the APJ. [Doc. #7, p. 1]

On August 4, 2009 plaintiff filed a *pro se* petition for writ of *habeas corpus* in the Twelfth Judicial District Court, Avoyelles Parish, contesting the constitutionality of his transfer to and confinement in the Avoyelles Parish Jail. Petitioner argued that he was being denied the effective assistance of counsel since his attorney, Alfred Boustany, resides in Lafayette, more than one hour drive from Marksville. [Doc. #1, Exhibit A] The petition was denied for lack of jurisdiction on the same date it was filed. [*Id.*, Exhibit B]

Petitioner invoked the supervisory jurisdiction of Louisiana's Third Circuit Court of Appeal [*Id.*, Exhibit C] On September 1, 2009 the Third Circuit granted writs, vacated the District Court Judgment and ordered the District Court to appoint counsel and convene a hearing within 72 hours. State of Louisiana v. Eric Petry, No. KH 09-01021 at rec. doc. 1, Exhibit D.

In due course, counsel was appointed and a hearing was convened. On September 22, 2009 Judge William J. Bennett of the

Twelfth Judicial District Court granted petitioner's writ application and ordered that he be returned to Vermilion Parish. [*Id.*, Exhibit H] On September 23, Judge Bennett amended his order and observed, among other things, that the petition should be granted pursuant to the provisions of La. C.Cr.P. art. 3627[2] [sic], "... this Court finding that holding this defendant in custody in Avoyelles Parish prior to the trial scheduled in Vermilion Parish in late October, 2009, violates the defendant's fundamental right to due process, that being his inability to meet with counsel..." Judge Bennett then directed that plaintiff be transferred either to Vermilion Parish or "... the Parish of the domicile of defendant's attorney..." [Doc. #5]

Upon his arrival at APJ, plaintiff was taken to the medical department where he was evaluated by Captain Dauzat. According to plaintiff, Dauzat "... began rubbing my knee and thigh in a sexual manner. After doing so he ... offered to have me brought back to his office ... but I declined the offer." [Doc. #7, p. 1]

On February 8, 2010 plaintiff was ordered to amend his

---

[2] Judge Bennett obviously referred to art. 362(7) which provides, "If the person in custody is being held by virtue of a court order, relief shall be granted only on the following grounds: ... (7) He is being held in custody prior to trial in violation of due process of law."

4

complaint and "... precisely state what each defendant did to violate his constitutional rights ... and ... state with specificity the nature and extent of the injuries, prejudice, or other harm he claims to have sustained as a result of the alleged constitutional violations." [Doc. #6, p. 6]

He filed his amended complaint on February 26, 2010. With regard to defendants Couvillion and Anderson, he alleged that as a result of the transfer to APJ, he was unable to consult with his attorney in Lafayette and as a result of his "... inability to consult with his counsel, my court dates that were scheduled in late October in Vermilion Parish and St. Martin Parish were all continued and as of this date, February 24, 2010, I have been forced to remain in continued custody awaiting new trial dates, missing holidays with my family and kids." He also complained that the delay caused him to "... suffer[ ] the lost [sic] of two of my witnesses on my case." [Doc. #7, pp. 2-3] With regard to the sexual harassment allegation, he complained that Dauzat's "... actions made me feel degraded, humiliated and also had me mentally distressed." [*Id.*, p. 4]

### Law and Analysis

*1. Screening*

When a prisoner files a complaint in a civil action seeking

redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. §§ 1915 and 1915A; see also 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. Nietzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and

6

may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).

Plaintiff's complaint, his amended complaints, and the exhibits present the best case which could be presented by plaintiff under the circumstances. The undersigned is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the undersigned concludes, for the reasons stated hereinafter, that plaintiff's complaint must be dismissed with prejudice as frivolous and for failing to state a claim for which relief may be granted.

## 2. *Due Process Violation*

The constitutional rights of a pretrial detainee flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment, see Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), which provides that no state shall "deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 5. Neither substantive nor procedural Due Process violations can result from negligent acts or failures to act. See Davidson v. Cannon, 474 U.S. 344, 348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

To determine the appropriate standard for analyzing a detainee's due process claim, the Court must first determine whether the detainee is challenging a "condition of confinement" or an "episodic act or omission." See Scott v. Moore, 114 F.3d 51 (5th Cir.1997) (en banc); Hare v. City of Corinth, 74 F.3d 633 (5th Cir.1996) (en banc); see also Flores v. County of Hardeman, 124 F.3d 736 (5th Cir.1997).

A conditions of confinement case is a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement." See Hare v. City of Corinth, 74 F.3d. at 644. In such cases, the harm is caused by the condition itself such as when "inadequate food, heating, or sanitary conditions themselves constitute miserable conditions." Scott v. Moore, 114 F.3d 51, 53 (5th Cir.1997). When a pretrial detainee challenges the general conditions of confinement, as opposed to particular acts or omissions, a constitutional violation exists only if the court finds that the conditions of confinement are not reasonably related to a legitimate, non-punitive governmental objective. See Hare, 74 F.3d at 640 (citing Bell, 441 U.S. at 538-39, 99 S.Ct. at 1873-74); see also Scott, 114 F.3d at 53 (citing Hare ). To the extent that plaintiff complains of general conditions of confinement – i.e. the

"overflow agreement" whereby Sheriff Anderson has agreed to house Vermilion Parish detainees - he fails to state a claim for which relief may be granted since, as shown above, a constitutional violation exists only if the complained of conditions are not reasonably related to a legitimate, non-punitive governmental objective. Relieving jail overcrowding is a legitimate, non-punitive objective and therefore, if plaintiff's claim is analyzed as a conditions of confinement claim, plaintiff fails to state a claim for which relief may be granted.

On the other hand, where a detainee complains of a particular act or omission of one or more officials, the action may be characterized as an "episodic act or omission" case. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir.1999); Hare, 74 F.3d at 645. When the detainee faults an individual defendant for an episodic act, in order to prevail, the plaintiff "'must establish that the official(s) acted with subjective deliberate indifference to prove a violation of constitutional rights.'" Olabisiomotosho, 185 F.3d at 526 (citing Flores v. County of Hardeman, 124 F.3d 736, 738-39 (5th Cir.1997)). An official acts with subjective deliberate indifference when he "had subjective knowledge of a substantial

risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." Hare, 74 F.3d at 650.

Thus, to the extent that plaintiff complains of a "particular act or omission" (his transfer from the Vermilion Parish Jail to the APJ) on the part of the defendants Couvillon and Anderson, in order to prevail, he must allege and demonstrate subjective deliberate indifference on their part.

Deliberate indifference in this context means that: (1) the defendant-official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the defendant-official actually drew that inference; and (3) the defendant-official's response indicates he subjectively intended that harm occur. Thompson v. Upshur County, Texas, 245 F.3d 447, 458-459 (5th Cir.2001). A government official's knowledge of a substantial risk of harm may be inferred if the risk was obvious. United States v. Gonzales, 436 F.3d 560, 573 (5th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994)).

"Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent to cause harm." Mace v. City of Palestine, 333 F.3d 621, 626 (5th Cir.2003). If one of the components of the deliberate

10

indifference test is not met, that is sufficient to deny relief. <u>Davis v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir.1998). The pleadings and exhibits, taken as true for the purposes of this Report, do not establish the subjective aspect of deliberate indifference and therefore plaintiff fails to state a claim for which relief may be granted.[3]

Finally, plaintiff's allegation of harm is disingenuous. Plaintiff was incarcerated at the APJ for a period of less than two months. He was returned to the Vermilion Parish Jail on September 23, 2009. Nevertheless, he maintains that he was unable to proceed to trial in the latter part of October, more than one month after his return. He claims that the continuance of his trial deprived him of the opportunity to obtain an early release, but that claim is purely speculative since there is absolutely no evidence to suggest that an October trial would have resulted in an acquittal. Further, he suggests that the delay resulted in the loss of witnesses, but he does not allege how these witnesses came to be "lost"; nor does he allege how

---

[3] In his application for writ of habeas corpus filed in the Twelfth Judicial District Court, plaintiff alleged that his transfer was designed to "gain a tactical advantage in court by depriving the petitioner of his free and adequate access to his attorney..." thus violating plaintiff's right to counsel. [See Doc. #1, p. 12] However, this conclusory allegation was unsupported by any facts. Moreover, as shown previously, plaintiff obtained relief under the due process clause and not pursuant to the Sixth Amendment.

their testimony would result in his acquittal.

Accordingly, whether analyzed as a condition of confinement or an episodic act or omission, plaintiff's complaint against these defendants must be dismissed for failing to state a claim for which relief may be granted.

In addition, since plaintiff is unable to demonstrate harm or prejudice resulting from the circumstances alleged, he fails to state a claim for which relief may be granted.

### 3. *Sexual Harassment*

Plaintiff claims that he was the victim of sexual harassment as a result of an encounter with a corrections officer at APJ on July 30, 2009. According to plaintiff, during his intake medical evaluation, "... Captain Steve Dauzat began rubbing my knee and thigh in a sexual manner..." and thereafter "... offered to have me brought back to his office later on that night..." [Doc. #7, p. 1]

"[P]risoners can state a cause of action for sexual harassment under 42 U.S.C. § 1983." <u>Freitas v. Ault</u>, 109 F.3d 1335, 1338 (8th Cir.1997). As "the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances,

constitute the unnecessary and wanton infliction of pain, forbidden by the Eighth Amendment." *Id.* (citations and internal quotation marks omitted). To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused "pain" and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind. <u>Freitas v. Ault,</u> 109 F.3d 1335, 1338 (8th Cir.1997) (citing <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992)). Plaintiff has described minimal contact which is subject to various interpretations. At worst, plaintiff was subjected to the alleged "harassment" for a fleeting moment in time; it does not appear that he was subjected to continuous and repeated advances and, by his own admission, he declined the allegedly unwanted advance and suffered no retaliation thereafter. Further, plaintiff alleged, not that he experienced any pain but rather that as a result of the alleged encounter, he felt "... degraded, humiliated, and mentally distressed."

Plaintiff now seeks damages for this mental distress. However, 42 U.S.C. § 1997e(e) provides that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury

13

suffered while in custody without a prior showing of physical injury. As used in the statute, the term "prisoner" includes persons, such as plaintiff, who are detained in any facility and who are accused of having committed a crime. See §1997e(h). Since plaintiff has failed to show that he suffered any kind of physical injury resulting from this brief encounter, any claim which he may have for emotional distress is barred by the provision of the statute. Therefore plaintiff's sexual harassment claim should be dismissed as frivolous. Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005).

### Conclusion and Recommendation

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 17th day of May, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE